LANDRY, Judge
(dissenting).
As noted by the majority, Rule XII, Section 2, Uniform Rules of the Courts of Appeal, does not provide for filing applications for supervisory writs by mailing. Neither does said rule purport to declare whether the mailing of such an application is effective upon mailing, or receipt by the Clerk of the Court of Appeal to which the application is addressed.
However, Rule X, Section 5(b) of the Rules of the Supreme Court of Louisiana does provide for filing, by mail, of applications to that tribunal for supervisory writs, as follows:
“When an application is sought to review the actions of a trial judge, he shall fix a reasonable time within which the application shall be filed in this court, * * * Any application not filed in this court within the time so fixed or extended may not be considered, in the absence of showing that the delay in filing was not due to the applicant’s fault. An application sent through the mail for filing shall be deemed timely filed [when the Official United States postmark upon the envelope transmitting it shows that it was] mailed on or before the last day of the delay for filing.”
In effect, La.Const.1921, Article VII, Section 27, states that until and unless otherwise provided, the rules regulating proceedings in the Supreme Court shall also apply to the Courts of Appeal. This constitutional mandate was in effect when the present application was mailed. I find no contrary provision either in our rules or the statutes. Under the circumstances, I consider that Rule X, Section 5(b), Rules of the Supreme Court of Louisiana, is decisive of the issue. Smith v. Cowgill, La. App., 189 So. 485.
Inasmuch as Relator’s showing is uncon-troverted, I conclude that this present application was mailed on December 17, 1974, the last day on which the application could be timely filed.
I therefore, respectfully dissent.